GEORGIANA NICHOLS, RESPONDENT, *v.* WILLIAM B. NICHOLS, APPELLANT

*Action pending in another State and in this State for same cause — when stay of proceedings in one action will be granted.*

A wife, in 1866, commenced an action in this State for a separation on the ground of cruel and inhuman treatment, and procured an order directing the payment of $500 for counsel fees, $250 a month for alimony and a gross sum of $1,000. In June, 1876, she commenced an action in Connecticut for the same cause, for an absolute divorce, as allowed by the laws of that State and a referee reported to the court in her favor, but no judgment was entered thereon. The plaintiff then procured an order in the action in this State requiring the defendant to pay the alimony and expenses awarded by the order of 1866, she having received but half the counsel fee and alimony for two months only. *Held*, that the order granting alimony, etc., should be vacated and all proceedings in the action in this State stayed until the Connecticut suit should be abandoned.

APPEAL by defendant from an order denying a motion to vacate an order requiring the defendant to pay to the plaintiff certain alimony and allowances, in pursuance of an order heretofore made

*Daniel T. Walden,* for the appellant.

*F. A. Ward,* for the respondent.

BARNARD, P. J. :

The plaintiff, in January, 1866, commenced an action to obtain a limited divorce from her husband in the City Court of Brooklyn upon charges of cruel and inhuman treatment by him to her. In March of that year the City Court made an order granting $500 counsel fee to plaintiff, $250 monthly for alimony and a gross sum of $1,000 to plaintiff to be paid within thirty days. The $1,000 has not been paid; only one-half of the counsel fee and only $500 for alimony, being for two months, have been paid.

In June, 1876, the plaintiff, who had then become a resident of the State of Connecticut, commenced her action in that State for the same cause, but asking for an absolute divorce which the laws of Connecticut give for cruel and inhuman treatment of a wife by a husband.

This action has been tried before a committee appointed under the laws of that State, who has made a report in favor of the plaintiff, finding the charges of cruel treatment proven and finding that the plaintiff is the proper person to have the care and custody of the children. No judgment has been entered upon this report as yet.

The plaintiff now seeks to collect the alimony and expenses awarded her under the City Court order. The defendant made a motion to vacate the order and to stay all proceedings in the City Court, unless the plaintiff discontinued the Connecticut action. The court denied the stay, allowed the money which became due under the order before June, 1876, to be collected at once, but stayed the operation of the order after June, 1876, with leave to plaintiff to move to enforce the payment should the circumstances of the case warrant the application.

I think the court erred in not vacating the order for alimony,

costs and the gross sum remaining unpaid. The order for alimony was an incident to the relief sought by the suit in the City Court. She has virtually abandoned that action and tried her cause in another tribunal. The relief she will be entitled to, if she succeeds, will be greater than that allowed by our laws, and the court of Connecticut may grant the wife, by the decree, one-third of defendant's estate. While it is decided that only definitive judgments of another State bar proceedings for the same cause in this State, yet, upon an application to the discretion of the court based upon facts which show that possible injustice may operate therefrom, such court ought to stay or vacate an order until such time as it may be seen that no injustice can happen. If the same facts existed in this State and the plaintiff had commenced a suit in one county and obtained an order for alimony, and then had commenced and tried before a referee another action for the same cause in another county, I think it is clear that the court would vacate the order in the first suit unless the second was abandoned. The equity is the same in the present case, though inter-state law permits both actions.

The plaintiff should resort to one court or the other. She should not collect alimony and counsel fee in the City Court upon an application for a limited divorce, and at the same time obtain an absolute divorce on the same facts in Connecticut with possibly one-third of defendant's estate awarded to her for her past and future support and maintenance.

I think the order should be reversed and an order granted staying proceedings on the order until the Connecticut suit is abandoned by the plaintiff. No costs to be allowed on this appeal.

DYKMAN, J., concurred; GILBERT, J., dissented.

Order reversed, without costs.